IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00960-BNB

TIM E. HOLZ, also known as
TIMOTHY EDWARD HOLZ,

      Applicant,

v.

J. OLIVER,

      Respondent.

---

## ORDER OF DISMISSAL

---

      Applicant, Tim E. Holz, also known as Timothy Edward Holz, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who was incarcerated at the United States Penitentiary, High Security, in Florence, Colorado, when he initiated the instant action.  He has since notified the Court that he currently is incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania.

      Mr. Holz filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging the validity of his conviction and sentence and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3).

      On April 9, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) granting Mr. Holz leave to proceed pursuant to § 1915 and directing him to show cause within thirty days why the habeas corpus application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United

States District Court for the Western District of Oklahoma (Western District of Oklahoma), the sentencing court.  On April 21, 2014, Mr. Holz filed his response (ECF No. 6) to the order to show cause.

The Court must construe Mr. Holz's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  The Court may take judicial notice of its own records and files that are part of the Court's public records.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).  For the reasons stated below, the application will be denied and the action dismissed.

Mr. Holz agreed to plead guilty in the Western District of Oklahoma to bank robbery, was sentenced to 210 months in prison, and ordered to make restitution in the amount of $12,580.00.  *See United States v. Holz*, No. 01-cr-00211-C-1 (W.D. Okla. Dec. 10, 2002).  The judgment was entered on the docket on December 13, 2002.  Mr. Holz did not appeal directly from the judgment of conviction and the sentence, or file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the sentencing court.

As noted above, Mr. Holz is challenging the validity of his conviction and sentence in this habeas corpus action.  He specifically contends that "ACA," an acronym he fails to explain, and the BOP have violated his plea agreement by running fiber optic digital video recorders in all federal prison facilities.  As relief, he asks for his immediate release.  Mr. Holz's allegations are insufficient.  Applicant fails to allege how the BOP's running video recorders in its prisons relates to his plea agreement.  Even if

2

his allegations were sufficient, they relate to his conviction and sentencing, not the execution of his sentence.  The Court did not require Mr. Holz to file an amended application that provides a clear statement of the claim he is asserting because it appeared that whatever claim he is asserting may not be raised in this habeas corpus action under § 2241.

The purposes of an application for a writ of habeas corpus pursuant to § 2241 and a motion pursuant to § 2255 are distinct and well established.  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).  Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

Mr. Holz bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective.  *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011).  This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances").  The

3

test for determining whether the remedy provided in the sentencing court pursuant to §
2255 is inadequate or ineffective is whether Mr. Holz's claim could have been raised in
an initial § 2255 motion.  *See Prost*, 636 F.3d at 584.  "If the answer is yes, then the
petitioner may not resort to the savings clause [in § 2255(e)] and § 2241."  *Id.*

Mr. Holz fails to demonstrate that the remedy available to him pursuant to § 2255
in the sentencing court is inadequate or ineffective.  The fact that Mr. Holz may be time-
barred from filing a § 2255 motion in the sentencing court is not enough, by itself, to
demonstrate the remedy provided in § 2255 is inadequate or ineffective.  *See
Caravalho*, 177 F.3d at 1178; *see also United States v. Montano*, 442 F. App'x 412, 413
(10th Cir. 2011) (concluding that § 2255 is not inadequate or ineffective for purposes of
filing a writ of audita querela merely because relief under § 2255 may be time-barred).

Therefore, the application will be denied and the action dismissed because Mr.
Holz fails to demonstrate that the remedy available in the sentencing court pursuant to §
2255 is inadequate or ineffective.  *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th
Cir. 2013).

To the extent Mr. Holz is complaining about the conditions of his confinement,
i.e., the use of fiber optic digital video recorders in his federal prison facility, he may do
so in a separate action initiated pursuant to *Bivens v. Six Unknown Named Agents*, 403
U.S. 388 (1971)*,* and 28 U.S.C. § 1331.  A federal prisoner's challenge to his conditions
of confinement generally is cognizable under *Bivens.  See Standifer v. Ledezma*, 653
F.3d 1276, 1280 (10th Cir. 2011).  However, in order to do so, Mr. Holz, for the reasons
stated below, must pay the $400.00 filing fee unless he can show imminent danger of
serious physical injury.  *See* 28 U.S.C. § 1915(g).

4

Federal law restricts eligibility for pauper status when a prisoner has three or more civil suits dismissed for frivolousness or failure to state a valid claim. *See* 28 U.S.C. § 1915(g). In *Holz v. Daniel*, No. 2014 WL 308849 (10th Cir. Jan. 29, 2014), *affirming* No. 13-cv-02716-LTB (D. Colo. Nov. 15, 2013), the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) pointed out that Mr. Holz already has three or more dismissals for frivolousness or failure to state a claim in federal civil rights actions. *See Holz v. McFadden*, 2011 WL 2882562, at *1 (C.D. Cal. June 27, 2011) (report and recommendation by magistrate judge, stating that Mr. Holz has at least fourteen dismissals in federal court for frivolousness or failure to state a claim on which relief can be granted), *adopted*, 2011 WL 2883108 (C.D. Cal. July 19, 2011) (order by district judge); *Holz v. McFadden*, 2010 WL 3069745, at *2 (C.D. Cal. May 21, 2010) (report and recommendation by magistrate judge) (same), *adopted*, 2010 WL 3069740 (C.D. Cal. Aug. 5, 2010) (order by district judge). The Tenth Circuit also surmised Mr. Holtz may have wanted to avoid the district court's filing fee for *Bivens* actions because habeas actions were cheaper. *See* 28 U.S.C. § 1914(a) ($5 filing fee for habeas actions and $350 for other actions); *see also* ECF No. 5 (order to cure deficiencies) at 3 in *Holz v. Daniels*, No. 13-cv-02716-LTB (D. Colo. Nov. 15, 2013), in which Magistrate Judge Boland states that if Mr. Holz did not seek pauper status, he would owe a $350 filing fee and a $50 administrative fee.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Holz files a notice of appeal he also must pay the full $505.00 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C.

§ 2241 is denied and the action dismissed without prejudice for lack of statutory

jurisdiction because Applicant, Tim E. Holz, also known as Timothy Edward Holz, fails to

demonstrate that  the remedy available to him pursuant to 28 U.S.C. § 2255 in the

United States District Court for the Western District of Oklahoma, the sentencing court,

is inadequate or  ineffective.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED May 30, 2014, at Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court